Right. United States v. Williams, number 237071. Counsel, you may proceed. Good morning, Your Honors. My name is Ben Hilfiger, and I represent the appellant in this case, Mr. Eric Williams. We respectfully request that the warrantless search in this case, or that the court find that this was a warrantless search and it was unreasonable, primarily due to the officer not having any reason to think that he was in danger and that the evidence that they were looking for or searching for was in no way, could have been touched or reached by Mr. Williams or the juvenile in this case, who was the driver, Alfred Evans, J.W. So you're making this argument based on Gant at this point and not on the automobile exception. Is that correct? Yes, Your Honor. All right. And why couldn't you have made that same argument in district court? Well, thank you for asking that, because I was going to start off with that issue, why I didn't do that. My reason was when we were going through the testimony and we were cross-examining, or I was cross-examining Trooper Kraft, he made a statement that I did not expect, that I didn't know was the issue here, and it was that he was, the entire time, nobody was allowed to leave. And I was taking this as a Terry stop, where they could do a simple frisk, the first 20 minutes of this stop concerned following too closely, just a traffic stop. And he gave his paperwork back, they engaged in polite conversation, and that was with Trooper Kraft and J.W., while Mr. Eric Williams was in the car the entire time. And it wasn't until that testimony when he said no one was allowed to leave, he wasn't allowing anybody to leave, and I didn't realize that. But he wasn't under arrest, though. He was not arrested, was he? Well, excuse me, according to Trooper Kraft, he was not arrested, and he did say that, that he was not arrested. You knew that at the beginning, and it was not raised until on appeal, so why don't we have a 12-C waiver? Well, Your Honor, so what happened during that nature, during this whole from the hearing to the plea, was about a 12-day time period. And in that time period, we were preparing for trial, because that's where we thought we were going to go, because there wasn't going to be any kind of plea unless a conditional plea is what was going to be agreed upon, and that wasn't working out. So I was preparing for something else, and that's what we were doing. Now, as far as his statement of the never being allowed to be detained, during that hearing, I know I heard it, but it did not register as, oh, this is a separate issue. It wasn't until I received the transcript and began preparing for this appeal that I realized upon research that it was said, and there is an issue that was brought upon, that at this point it was after sentencing. Well, counsel, didn't, when you were objecting to the magistrate's recommendations, you made an argument based on Miranda, correct? I did bring that up. Well, but for that Miranda argument, wasn't that, didn't that have to be based on what Trooper Kraft testified to about not being able to leave, or otherwise you wouldn't have a Miranda argument. Right. He never... Well, but if you can make the Miranda argument based on Trooper Kraft's testimony, you should be able to make the Gantt argument. Exactly, because that would mean that they were under arrest. And, but you didn't, and so I'm back to Judge Kelly and why we don't have a waiver here, or failure to show good cause for bringing it up this late, or any of those things. Sure. So what I've found is that good cause, it takes good cause and prejudice to get past the 12C3 waiver, or the, yes, the waiver that we're talking about here. And my argument to the good cause is that I was preparing for trial, my direction had gone otherwise, and that objection was filed the day that he pled guilty. There wasn't, we weren't able to do, to go through an entire transcript from a hearing, and prepare for trial, and negotiate a plea hearing. Well, okay. Even if, even if the Gantt argument were available to you, you've, the government's still relying on the automobile exception to the warrant requirement, and that seemed to be the subject of the suppression hearing, but you don't contest that now. And government says in its brief that Gantt left the automobile exception to the warrant requirement intact. Do you disagree with that? In that the warrant requirement, I believe was necessary because I believe they were under arrest when that car was searched. Well, even if they were, the district court's already found there was probable cause for the search. Probable cause for the- And you don't challenge that. I'm confused. So, the Gantt case would say that even if there is probable cause for the search, if they were arrested, and the officer was not in any, there was no concern for his safety, and there was no concern that the defendants or the, the arrestees were, could obtain the evidence, make it run away, or drive off with it, or destroy it in any way, then the officer would be, is obligated to get a warrant. And that's where I believe he failed, is that when these two individuals were taken, well, J.W. was never allowed out of the police car, but when Eric Williams was brought from the police car, there was a showing of authority from Trooper Kraft that he was, had to do what Trooper Kraft was having to say. He did pull him out of the car, frisk him, bring him back to the police car, or the Trooper car, and direct him into the back seat of that vehicle. He was not allowed to leave, he wasn't able to leave. He was in the back of a Trooper vehicle. I think the showing of force, the intrusion into what the original stop was, changed that into an arrest. But you agree that if there wasn't an arrest, Gantt wouldn't even apply, correct? I'm sorry? Does Gantt not apply when there's not an arrest? Correct. Grantt says arrestees, and so an arrest would need to apply. And Trooper Kraft, in this case, did state in his testimony that they were not arrested, but he knew from the beginning of the stop, when he first approached the car, that he was going to search the car. So, he brings J.W. back in, talks about the conversation while he gets his papers and his ID and everything checked out. 20 minutes pass and he allows him to go. Well, I take that back. It looked like he allowed him to go. Trooper Kraft did testify that J.W. was never allowed to go. And that's when he changes his entire line of questioning to the use of marijuana in the car, or that he smelled marijuana. I think what he had said was he had asked if he was smoking marijuana, J.W. said no, and Trooper Kraft said, well, because it smells like it. This conversation merged at about the 20-21 minute mark from the arrest, the Terry stop, to trafficking, to drug use in the vehicle. And I think at that point is when the detainment for the traffic stop turned into an arrest. And I think it goes even further from when he tells him, stay in here, and then Trooper Kraft tells J.W. stay in the vehicle, then he gets out, goes over to Eric Williams, pulls him out of the car, frisks him, and brings him back into the trooper car, sits him in the back seat. They weren't allowed to leave. They were essentially in their own cell. Could I raise another issue? The appeal waiver issue, the government raises that, and then you didn't respond to the appeal waiver. You waived the right to appeal everything except the motion to suppress. The problem is the motion to suppress was not made on this basis. It was a different motion to suppress. So why haven't you also, as the government suggests, waived the appeal, and then waived it again by not responding to the government's appeal waiver argument? Your Honor, I felt that the appeal, or I'm sorry, that the suppression was under one blanket. And we were still arguing the suppression of the same set of facts that had never changed. You didn't respond to that, which is also a waiver, you know. I do. I understand. You should respond to that with some authority that would indicate, and I'm not aware of any, that you can raise a new issue, a totally new issue, when you've preserved the right to appeal the denial of a motion to suppress. Right. I'm not aware of any authority that would have allowed you to do that. No, you're correct. I have not seen the authority that even if the issue changes that the... No, I'm saying I don't know of any authority that would allow you to appeal the denial of a motion to suppress when you're making a different argument. It's a whole new suppression issue. The only theory that I can maybe, or not theory, cases that I can maybe point you to are the cases that talk about good cause for why it didn't happen, and that it's good cause of prejudice. But that's not on the appeal waiver, that's on the Clause C3. So are you agreeing that your appeal is waived? No, I'm not agreeing that the appeal is waived because we're still arguing for the same set of facts that haven't changed and that can still be brought upon. He's not waiving his right to, this right to appeal. I did want to go back briefly on the 12C3 where what I can tell is that it requires good cause and prejudice. The good cause I was talking about, I mean I've already talked about that, where we had a short amount of time, I didn't have a transcript to be able to engage in what was said at that hearing. And I think that from what I can tell from what the government filed in their briefs, that most of the cases they cited, it didn't appear as if anybody had made an effort for good cause or if they did, it just wasn't allowed. But it didn't appear to me in a lot of those cases they made an effort. And I'd like to acknowledge that I have made an effort for good cause. Now, when it goes on to prejudice... Well, let me just ask you, in addition to showing good cause now that we're on appeal, do you also have to show plain error in addition to good cause? Well, my understanding was that the 12C3 waiver... I'm sorry, let me back up. Well, let me back up and rephrase. If you didn't argue Gant in district court, so the district court didn't have the benefit of considering that argument, and now you're arguing it here, why wouldn't that be a classic forfeiture of the issue in district court such that to avoid waiver now, you have to show plain error? And have you shown plain error? Well, what I can reply to that with is that they're asking for good cause why it didn't happen. Yeah, I understand that. And I don't think anyone's arguing whether you have to show good cause. My question is, on top of that, do you have to show plain error? I don't know the answer to that. I don't. I have not researched the plain error on whether or not I would have to show that. I do have a minute and 15 left. I'd like to reserve that time. Sure. Thank you. So, Ms. Williams, I realize now I said you were excused earlier, so I apologize for that, and I just want to thank you for coming back. Well, I just want you to know, Your Honor, I don't make a habit of disregarding court orders, but I figured I should probably disregard them. No, that's my mistake. Good morning. Lisa Williams, representing the United States of America. May it please the Court. I want to pick up, Judge Matheson, where you left off with the standard of review reviewing the Gantt claim. The government did argue the generalized motion to suppress standard of review in its brief. I do think that the Court's correct that if you were to reach the substantive issue of the Gantt argument, it would be under plain error because it wasn't argued to the district court and it was forfeited. Obviously, the government didn't include plain error in its brief. This Court is free to apply the correct standard of review, but I do think that you're right about that. However, the government doesn't feel that the Court needs to reach the merits of the Gantt argument and, in fact, would suggest to the panel that the strongest way to resolve this issue is by dismissing the appeal because of the appeal waiver contained in the party's plea agreement. The plea agreement clearly indicates that the defendant reserves the right to appeal. Defendant's motion to suppress, defendant motion and suppress are all in capital letters. It clearly refers to the written motion to suppress that was filed before the district court. It doesn't contemplate bringing up new issues on appeal. It's the four corners of that motion. Does the appeal waiver actually say that? Yes. In other words... It's on page four of the plea agreement. Right. And it says the defendant reserves the right to appeal, defendant's motion to suppress and reserves the right to appeal from a sentence which exceeds the statutory maximum. I'm just trying to see if there's a way to interpret that a little more broadly than saying, oh, it has to be precisely what was in the motion. I mean, there was a motion to suppress. It seems like, especially when we're talking about a defendant waiving an opportunity to appeal, maybe something a little more specific should have been included than just saying motion to suppress. I mean, you can interpret it that, well, it's the motion to suppress as presented or maybe it's just the defendant is arguing that the evidence should be suppressed for whatever reason. So because of the capitalization of defendant's motion to suppress and making that into a pronoun, the government would argue that it refers specifically to the defendant's motion and there was only one motion to suppress. So we can't be confused about which one. And I understand, Judge. Is this the capitalization canon of interpretation? I believe so, Your Honor. I understand where the court's coming from, right? When you're going to force an appeal waiver, you want to make all inferences in favor of the defendant and you've got to be careful about doing that. So I think that's a fair question to ask. But if the defendant wanted to reserve all issues related to the search of the vehicle, that's what should have been written into this bargain for agreement between the defendant and the government. But that's not what the language of the agreement holds. Counsel, can you cite us to any case where an appeal or where a waiver and plea agreement precludes review of an issue that was expressly reserved because the argument was beyond the scope of those presented to the district court? No, I don't think I can, Your Honor. Okay, thank you. And what's important is that defendant concedes in the reply brief that this issue is outside of his original motion to suppress. So there's no debate that this was ever argued before the district court. So the government believes the cleanest way for the court to resolve it is on dismissing the appeal and enforcing the waiver of appeal in the partisan plea agreement. Well, is it any cleaner than failure to show good cause? Well, that's a determination. You know, there's no good cause exception when you're enforcing the plea agreement. And so that's what I mean by cleaner. The court will have to reach the issue of whether or not counsel has presented good cause as to why he didn't raise the issue. I'm a trial attorney, too. I'm sympathetic to the crunch of time that exists between your suppression issue and preparing for trial, and there's a lot going on. And I don't know for sure, but I can almost guarantee that Mr. Williams isn't Mr. Hilfiger's only client. So I'm certainly sympathetic to the time constraints. But I didn't see a case where time constraint on defense counsel rose to the level that would constitute good cause as to exclude or excuse the failure to raise an issue before the district court. You can ask for a continuance. You can tell the district court you need more time to fully delve into the issues. But again, I don't think that the circumstances here rise to the level of good cause. Then, of course, the third way for the court to affirm the district court is to reach the issue on the merits. Gant only really comes into play when a defendant is arrested. Here, the district court made a finding of fact that neither JW or the defendant were under arrest at the time of the search. And that came within the Miranda context because that was raised before the court that they should have been provided Miranda warnings. And the district court said no, they were detained, they weren't under arrest, and it wasn't until they were arrested that Miranda had to be given and then they were provided with Miranda. So again, this kind of brings us back to the standard of review. Even under what the government wrote as the standard of review, that's a finding of fact that the defendant hasn't really been able to show this court should disregard, and it shouldn't, because what would they have been arrested for? That's the overarching question, right? There's nothing to arrest them for at the time they searched the vehicle. They had written the warning for the following two clothes, so they couldn't arrest the driver for that, and they had seized nothing else. You can't arrest someone because their car smells like raw marijuana, right? You actually have to find the marijuana. So there was not a single offense that they could have been arrested for. Instead, they were detained, and because of that, Gant doesn't apply, and they were able to search the vehicle pursuant to probable cause, a finding that the defense doesn't challenge on appeal. So under either of those three scenarios, the government... Well, didn't you just state a fourth way, that there isn't any challenge to the probable cause determination? Well, correct. And that's what was challenged before the district court, that there wasn't sufficient probable cause to search the vehicle which the district court rejected, but on appeal, the defense is no longer challenging probable cause. Well, that's what I was asking. Yes, and so that's, I guess, a separate fourth ground for the court to decide this case. If there are no other questions from the panel, the government would rest on the remaining of its briefing. Thank you, counsel. Your Honors, I just had one brief rebuttal based on what counsel said, there's no reason for an arrest to occur. There's a U.S. Supreme Court case, I believe it was Florida v. Royer, where a gentleman got off an airplane, and due to him looking nervous and having, I mean, they said, dressed too casually, they found reason to detain him, and they pulled him out of the main public area of the airport and took him to a detention area, and in that detention area, they interrogated him and talked to him and got him to admit, give consent to the briefcase, which ultimately did have drugs inside of it, but the court did rule that because he was in that detained area and he was not allowed to leave, and a reasonable person would believe they were under arrest, that he was, practically speaking, under arrest, and reasons for arrest up to that time, I don't believe were there. This was before they had found the marijuana, because that is what was suppressed, and same here, from what counsel was saying, that there doesn't appear to be any reason for arrest, it was all the other underlying factors of what was going on that made him feel that he was arrested, that he was arrested. Thank you. Thank you, counsel. I think we've used all our time, and we can take the cases submitted. Counsel are excused, and this time, Ms. Williams, you really are excused. The court will stand in recess.